IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

CLIFF TRACY,

              Plaintiff,

    v.

UNITED STATES OF AMERICA,
NATIONAL MARINES FISHERIES
SERVICE, ENDANGERED SPECIES ACT,

              Defendants.

Case No. 1:14-cv-01814-CL

**REPORT & RECOMMENDATION**

---

CLARKE, Magistrate Judge.

    Plaintiff Cliff Tracy seeks to proceed in forma pauperis (IFP) and pro se with a civil action against the United States of America and other defendants. For the reasons stated below, the court recommends Plaintiff's IFP application be denied, and his complaint dismissed.

## STANDARDS

Generally, all parties instituting any civil action in a United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal in forma pauperis ("IFP") statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or...seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must state a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556)

Pro se pleadings are held to less stringent standards than pleadings by attorneys. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se

plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

## DISCUSSION

On November 12, 2014, Cliff Tracy filed a complaint against the United States of America and other defendants (#1). On December 29 he filed an Application for Leave to Proceed IFP (#6). The Court has reviewed the Plaintiff's 45-page complaint and cannot discern what factual and legal claims are being alleged against each of the named defendants. Therefore the Court finds that the complaint does not meet the pleading standards requiring a short and plain statement of the claim for relief. It is unclear whether or not the deficiencies of the complaint could be cured by amendment. Affording the plaintiff the benefit of the doubt, he should be given the opportunity to file an amended complaint with instructions to follow the pleading standards as stated above.

## RECOMMENDATION

The Court recommends that Plaintiff's Complaint (#1) be DISMISSED and that Plaintiffs' application to proceed IFP (#6) be DENIED as moot. Plaintiff should be given thirty days to file an optional amended complaint.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an

plaintiffs liberally and afford the plaintiffs the benefits of any doubt. Karim-Panahi v. LA. Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. Id. at 623.

## DISCUSSION

On November 12, 2014, Cliff Tracy filed a complaint against the United States of America and other defendants (#1). On December 29 he filed an Application for Leave to Proceed IFP (#6). The Court has reviewed the Plaintiff's 45-page complaint and cannot discern what factual and legal claims are being alleged against each of the named defendants. Therefore the Court finds that the complaint does not meet the pleading standards requiring a short and plain statement of the claim for relief. It is unclear whether or not the deficiencies of the complaint could be cured by amendment. Affording the plaintiff the benefit of the doubt, he should be given the opportunity to file an amended complaint with instructions to follow the pleading standards as stated above.

## RECOMMENDATION

The Court recommends that Plaintiff's Complaint (#1) be DISMISSED and that Plaintiffs' application to proceed IFP (#6) be DENIED as moot. Plaintiff should be given thirty days to file an optional amended complaint.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If an

objection is filed, any response to the objection is due within fourteen (14) days from the date of the objection. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this <u>12</u> day of January, 2015.

_____
MARK D. CLARKE
United States Magistrate Judge